

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-79,497-05 & 79,497-06

### EX PARTE KEITH TAYLOR, Applicant

### ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS
### CAUSE NOS. D-1-DC-11-300144-C & D-1-DC-12-904028-C
### IN THE 390TH DISTRICT COURT
### FROM TRAVIS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated robbery and solicitation to commit capital murder and sentenced to forty-five years' imprisonment on each count. The Seventh Court of Appeals dismissed his appeals. *Taylor v. State*, Nos. 07-12-00287-CR & 07-12-00288-CR (Tex. App.—Amarillo Oct. 2, 2012) (not designated for publication).

Applicant contends, among other things, that trial counsel failed to request a competency hearing and have Applicant evaluated for competency before he pleaded guilty on April 27, 2012.

Applicant also contends that counsel failed to investigate whether Applicant was receiving the proper medications while in the county jail after being evaluated for competency in September 2011. According to the record, in a September 13, 2011 report, Dr. Richard Coons opined that Applicant was "presently competent to stand trial." When he pleaded guilty on April 27, 2012, however, Applicant contends that he was no longer competent because he was not receiving the proper medications while in the county jail. He also contends that Drs. Coons and George Parker evaluated him for competency in 2014 and determined that he was presently incompetent.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Applicant was competent when he pleaded guilty on April 27, 2012, counsel's conduct was deficient, and Applicant was prejudiced. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed:  March 25, 2015
Do not publish